IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEJANDRO M. CERNA, GARY VENTURELLI, and CHRISTOPHER S. WALCZAK, ) ) ) | JURY DEMANDED |
| Plaintiffs, ) ) | Case No. |
| v. ) ) | |
| CITY OF CHICAGO, a Municipal Corporation, ) ) | |
| Defendant. ) ) | |

## COMPLAINT

NOW COME the Plaintiffs, ALEJANDRO M. CERNA, GARY VENTURELLI, and CHRISTOPHER WALCZAK (hereinafter referred to as "Paramedics") by and through their attorney, Jac A. Cotiguala, and bring this action on behalf of themselves to recover from Defendant unpaid overtime compensation, liquidated damages, attorney's fees, and costs pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §216(b) (hereinafter "FLSA").

1.  Jurisdiction over Paramedics' claims is conferred on this Court pursuant to 29 U.S.C. § 216, 28 U.S.C. § 1331 and § 1337.

2.  Venue is proper pursuant to 29 U.S.C. § 1391 as Defendant, City of Chicago ("City"), has its principal place of business and the events giving rise to the claims occurred within the geographic jurisdiction of this Court.

### Count I – FLSA

Plaintiffs complain against Defendant as follows:

3. At all relevant times, the City has been a public agency, an employer, and an enterprise "engaged in commerce" as defined by Sections 3(d), (r) (s) and (x) of the Fair Labor Standards Act, 29 U.S.C §203.

4. At all relevant times, Paramedics were "employees" of the City as defined by Section 3(e) of the FLSA. 29 U.S.C. §203(e).

5. At all relevant times, the City employed plaintiffs as dual role paramedics, however, each was assigned to perform shifts as single role paramedics within the Fire Department's Bureau of Emergency Medical Services, all in Chicago, Illinois.

6. Single role Paramedics' job duties and terms and conditions of employment, do not exempt Paramedics from the overtime and minimum wage requirements of the FLSA.

7 By virtue of their assignment to a single role paramedic's position, they were entitled to overtime pay for hours worked in excess of 40 that week.

8. The City pays Paramedics an annual salary for their regularly scheduled shifts but does not pay them an additional overtime payment of .50 times their regular rate for work performed beyond 40 hours in weeks in which they were assigned single role paramedics position for one or more shifts.

9. Between January 1, 2015 and the present, Paramedics were not paid their wages at the appropriate rate for all hours worked in excess of 40 during certain work weeks in which he worked a shift as a single role paramedic, in violation of the maximum hours provisions of the FLSA, to wit, 29 U.S.C. 207.

WHEREFORE, Paramedics pray that this Court enter judgment in Paramedics' favor and against the City, and that the City pay to Paramedics:

a. The full amount of wages due for all hours worked, and an equal amount in liquidated damages plus prejudgment interest as far back as a non-willful violation of the FLSA allows;

b. Reasonable attorneys' fees and costs; and

c. All other relief that this Court deems necessary and just.

## Count II – FLSA – WILLFUL

Paramedics on behalf of themselves, re-allege and restate paragraphs 1-9 above as if fully et forth therein.

10. Between January 1, 2014 and the present, Paramedics were not paid their wages at the appropriate rate for all hours worked in excess of 40 during certain work weeks in which each worked a single role paramedic shift, in violation of the maximum hours provisions of the FLSA, to wit, 29 U.S.C. 207.

11. At all times relevant hereto the City either knew or in reckless disregard should have known that Paramedics performed duties for which they were not paid overtime, in accordance with the FLSA.

12. The City knew or in reckless disregard should have known that Paramedics were entitled to overtime compensation under the FLSA.

13. The City knew or in reckless disregard should have known that it violated and continues to violate federal law by paying Paramedics less than required by the FLSA for overtime worked.

14. The City previously resolved FLSA lawsuits on behalf of paramedics, *Alex v. City of Chicago*, 29 F.3d 1235 (7th Cir., 1994); *Alvarez, et al. v. City of Chicago*, 6 cv 4639, *Caraballo; et al. v. City of Chicago*, 7 cv 2807, *Baley, et al. v. City of Chicago*, 9 cv 228; and *Canby, et al. v. City of Chicago*, 12 cv 669. As a result of that lawsuit, the City was well aware that the overtime provision of the FLSA applies to Paramedics and that it should make its pay conform with the requirements of the FLSA.

15. The City willfully violated the FLSA by failing to pay the appropriate rate for all hours worked over 40 in a week to Paramedics in weeks that they worked one or more single role paramedic shifts as required. 29 U.S.C. §201 *et.seq.*

WHEREFORE, Paramedics pray that this Court enter judgment in their favor and against the City, and that the City pay Paramedics:

a. The full amount of wages due for all hours worked, and an equal amount in liquidated damages plus prejudgment interest for as far back as a willful violation of the FLSA allows;

b. Reasonable attorneys' fees and costs; and

c. All other relief that this Court deems necessary and just.

Dated: April 11, 2017                                    Respectfully submitted,

By:   /s/ Jac A. Cotiguala
      Attorney for Paramedics

Jac A. Cotiguala
Law Offices of Jac A. Cotiguala
431 South Dearborn Street, Suite 606
Chicago, IL 60605
(312) 939-2100